## C. L. JONES v. GEORGE P. MELCHIOR.

1. REPEAL.   *Code* 1892, §§ 2, 3, 8.   *Local revenue act.   Bolivar county.*

   The act of February 8, 1890 (Laws, p. 124), entitled "An act to pay off
   and fund the outstanding debt of Bolivar county, and provide a revenue
   therefor, and for other purposes," was not revised, consolidated and re-
   enacted in the code of 1892, nor are its provisions repugnant to any con-
   tained in said code, and, being a purely local law, it was not repealed
   thereby.   Code 1892, §§ 2, 3, 8.

2. SAME.   *County warrants.   How paid.   Bolivar county.   Code* 1892, § 318.

   Accordingly, under § 318, code 1892, which provides that boards of super-
   visors may order registration of county warrants and their payment ac-
   cording to date of issuance, the absence of such an order is not author-
   ity for the sheriff of Bolivar county to receive for taxes, or its treasurer
   to pay, unregistered warrants for 1892, this being forbidden by said act
   of 1890, which makes such registration compulsory.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

The facts are sufficiently stated in the opinion.

*Charles Scott,* for appellant.

The act of 1890 is a local law, applicable to Bolivar county
alone.   It does not attempt to deal with the fiscal affairs of
the whole state.   Its subjects are not revised, consolidated
or re-enacted in the code of 1892, nor are they repugnant
thereto.   It was therefore not repealed.   Code 1892, § 3.   As
to what is a local law, see Bouvier's Law Dict.; Burrell's
Law Dict.; 35 N. Y., 449; 43 *Ib.*, 13; 13 Am. & Eng. Enc.
Law, 984.   It follows that the county treasurer could not
accept the warrants tendered by the tax-collector, this being
forbidden by the local act.

*Fred Clark,* for appellee.

So much of the act of 1890 as relates to the receipt and
payment of county warrants has been repealed by § 318,

code 1892, which is the general law of the state defining the rights of parties holding county warrants.

Section 2, code 1892, declares that the code shall go into effect and become the law of the land on November 1, 1892, "and shall supersede all prior statutes and clauses therein revised and hereby repealed."

Section 3 provides that "from and after the said first day of November, 1892, all acts and parts of acts, the subjects whereof are revised, consolidated and re-enacted in this code, or repugnant to the provisions contained therein, shall be, and the same are hereby, repealed."

Section 8 provides that private and local laws not revised and brought into the code shall not be affected unless it be expressly so provided.

By § 318 of the code, the entire matter of the registration of warrants to be issued is revised and brought forward. The latter clause of the section denies its application to warrants used in payment of taxes. Under this section, warrants are to be paid in the order of their issuance only when the board of supervisors so directs. It also contemplates that all warrants, whether registered or not, shall be receivable in the payment of taxes due to the county. By § 3803, code 1892, it is provided that warrants "shall be received in the payment of county taxes, unless otherwise provided by law." These and other sections show that the entire subject-matter has been revised and brought forward into the code; and the provisions of the act of 1890 are repugnant to the code provisions, and are therefore repealed.

WOODS, J., delivered the opinion of the court.

The appellee, in his character of sheriff and tax-collector of Bolivar county, filed his suit in mandamus, by which he sought to have the appellant, as treasurer of said county, required to receive from him $8,000 of the warrants of said county, which he, the appellee, had received in his collection of taxes, for various county funds, in the year 1892. These,

warrants, the appellee alleged in his petition, were legally receivable in payment of taxes in said county by virtue of §§ 904 and 3803, code 1892.

The appellant demurred to this petition, and for cause sets up that the local act of February 8, 1890, entitled "An act to pay off and fund the outstanding debt of Bolivar county, and provide a revenue therefor, and for other purposes," was unrepealed and operative, and that, under that act, he could not legally receive any of the said warrants in settlement of taxes collected by the appellee, it nowhere appearing in petitioner's complaint that the said warrants had been registered, as required by said local act, or that there was money in the county treasury to pay all warrants of that county of a prior date of issue.

This demurrer being overruled, the appellant set up the same defense by plea, and to this plea the appellee demurred. His demurrer being sustained, and appellant declining to make other plea, a judgment was entered for a peremptory mandamus on the treasurer in accordance with the prayer of the petition, and from these proceedings of the court and its final judgment, the county treasurer appeals.

It will be readily seen that the controversy is determinable on the solution of this question, viz.: Has the act of February 8, 1890, been repealed by the provisions of the code of 1892? The act of February 8, 1890, is a purely local act, and was devised to meet the necessities of a single community. It was a scheme which purposed to deal in a peculiar way with the bonded and simple debt of that county, and which contained unusual methods of issuing and paying warrants. It was a departure from the general law in its requirements as to the registration of warrants, their payment and the prerequisites to their receipt by the tax-collector in his collections from year to year. It was, in a word, an elaborate local act, containing a peculiar scheme for dealing with the finances and revenues of a single county.

The contention of appellee's counsel is that this act stands

repealed by virtue of the provisions of the code of 1892, and we are referred to various sections of the code in supposed support of this view.

Section 2 of the introductory chapter of the code of 1892, provides that the code shall be in use, and shall supersede all prior statutes and clauses therein revised and repealed. Clearly the local act of February 8, 1890, is not revised in the new code.

Section 3 of the same introductory chapter of the code, declares that all acts and parts of acts the subjects whereof are revised, consolidated and re-enacted in the new code, or repugnant to the provisions contained in it, are repealed. That the subject of dealing with the revenues, finances and debts of Bolivar county, as contained in the act of February 8, 1890, is not revised, consolidated and re-enacted in the code of 1892 is palpably manifest. Are the provisions of that local act repugnant to those of the new code? The local act makes compulsory the registration of all warrants with great particularity of detail, and requires their payment by the treasurer, and their receipt by the tax-collector in the order of the date of their issue, except when it shall appear that there is at the time money in the treasury sufficient to pay all warrants of prior date of issue; and, moreover, it is provided in this local scheme of financial administration that the revenues of one year shall not be used to pay warrants of any other year, until all obligations of the current year shall have been met.

Section 318, code 1892, provides for the registration of county warrants if the board of supervisors shall so order. The registration is compulsory in Bolivar, and permissive elsewhere. Section 318 provides for the payment of county warrants in the order of their registration, except when there are funds sufficient to pay all warrants. These provisions are *not* repugnant to those of the act of February 8, 1890. We see as little ground for the contention of appellee when we look to the concluding paragraph in § 318, which declares

that it shall not apply to warrants used in payment of taxes. We must read the laws together to ascertain if they are inharmonious, repugnant the one to the other. Thus read as a whole, we shall find this result: "All county warrants, if so ordered by the board of supervisors, shall be registered, and the county treasurers shall pay such warrants in the order of their registration, unless there be in the treasuries sufficient funds to pay all registered warrants; *provided,* this section shall not apply to warrants used in payment of taxes. But in the county of Bolivar all warrants shall be registered, regardless of the wish or order of the board of supervisors, and they shall be paid in the order of the date of their issue, unless there be sufficient funds in the treasury to pay all warrants of prior date, and the treasurer and the tax-collector of said county shall only pay or receive such warrants in the order of their true date of issue." Thus read together, all thought of repugnance vanishes. And that they are to be thus read, in effect the local act qualifying the general statute, is demonstrated by § 8 of the code of 1892, which declares that " private and local laws, not revised and brought into this annotated code, are not affected by its adoption, unless it be expressly so provided herein."

The local act of February, 1890, for the benefit of Bolivar county in its financial administration, is not revised and brought forward in the code of 1892, and is not affected by the adoption of the code.

*Judgment reversed, and petition dismissed.*